NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

NATIONAL AUTOMOTIVE FIBRES,
INC., and Textile Union Local No. 146,
Textile Workers Union of America,
AFL–CIO, Respondents.

No. 16473.

United States Court of Appeals
Ninth Circuit.

April 27, 1960.

Stuart Rothman, Gen. Counsel, Thomas J. McDermott, Asst. Gen. Counsel, Marcel Mallet-Prevost, Frederick U. Reel, Marion L. Griffin, Attys., N. L. R. B., Washington, D. C., for petitioner.

Merrill & Commons, Rodney G. Commons, Oakland, Cal., for respondents.

Before BARNES and HAMLIN, Circuit Judges, and KILKENNY, District Judge.

PER CURIAM.

This is a petition for enforcement of an order of the National Labor Relations Board. The facts establishing the jurisdiction of the Board were stipulated, and the petition is before us pursuant to Title 29 U.S.C.A. § 160(e).

No answer to the petition was filed by the union by time of oral argument. A one page answer was filed by the company—but without the advice or under the supervision of an attorney. At oral argument we granted permission to the union to file a reply brief, and that has been recieved.

There is sufficient evidence in the record to support the Board's conclusion that the employee was discharged by the employer for failure to pay union fines assessed because of his failure to attend one or more union meetings, and/or a new initiation fee if he wanted to obtain a lay off card. There was also sufficient evidence to properly infer that the refusal to issue the withdrawal card which the employee requested was an artifice employed by the union to enforce the payment of union fines assessed for failure to attend union meetings. There is also sufficient evidence in the record to support the Board's conclusion that the employer knew of the union's actions, although the union requested the em-

ployee's discharge only on the ground of his failure to pay *dues*.

▇▇▇▇ The right to refrain from union activities is a privilege guaranteed to an employee. 29 U.S.C.A. § 157. The employer is held to strict standards where there is proof he has notice of the union's actual reasons for the discharge. N. L. R. B. v. International Ass'n, 9 Cir., 1953, 203 F.2d 173. The employer and the union engaged in conduct proscribed, respectively, by Section 8(a) (1) and (3), and Section 8(b) (1) (A) and 8(b) (2) of the Act.

The Board's order will be enforced, but not in the form requested. There shall be stricken from the order paragraphs 1(1) (b) and 2(1) (b). Otherwise, the Board's order is enforced.