431 F.2d 872
 75 L.R.R.M. (BNA) 2044, 63 Lab.Cas. P 11,118
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
INTERNATIONAL LONGSHOREMEN'S AND WAREHOUSEMEN'S UNION, LOCAL
17, INTERNATIONAL LONGSHOREMEN'S AND
WAREHOUSEMEN'S UNION, Respondent.
 No. 23910.
 United States Court of Appeals, Ninth Circuit.
 Aug. 14, 1970.
 
 Nanch M. Sherman (argued), Charles R. Both, Attys., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, N.L.R.B., Washington, D.C., Roy O. Hoffman, Director, N.L.R.B., San Francisco, Cal., for appellant.
 Norman Leonard (argued), of Gladstein, Andersen, Leonard & Sibbett, San Francisco, Cal., for appellee.
 Before HAMLEY and TRASK, Circuit Judges, and TAYLOR,[1] District judge.
 PER CURIAM:
 
 
 1
 The National Labor Relations Board has petitioned for enforcement of its order, reported at 172 N.L.R.B. No. 227, and based upon its findings that respondent union violated Section 8(b)(2) and 8(b)(1)(A) of the National Labor Relations Act, 29 U.S.C. 158(b)(2) and 29 U.S.C. 158(b)(1)(A), by causing the Rice Growers Association of California to discharge its employee, George Mower.
 
 
 2
 The employer and the union had entered into a collective bargaining agreement which contained a 'union security' clause requiring membership in the union after a specific time from the date of hiring, as a condition of employment. Tender of union dues by the employee at stated intervals was necessary. The union contended that the discharge of the employee was requested because he was delinquent in his dues and did not tender them within the time required. The Trial Examiner and the Board found on disputed facts that the employee's discharge was motivated by his failure to pay a fine levied against him. This was a reason other than a failure to tender periodic dues and a violation of the Act.
 
 
 3
 We hold that there is substantial evidence on the record as a whole to support the Board's order and finding that the union caused the discharge of Mower because of his failure to pay a union-levied fine. The failure to pay a union-imposed fine may not be made a ground for discharge. See NLRB v. General Motors Corp., 373 U.S. 734, 743, 83 S.Ct. 1453, 10 L.Ed.2d 670 (1963); NLRB v. National Automotive Fibres, Inc., 277 F.2d 779 (9th Cir. 1960); NLRB v. International Association of Machinists, 203 F.2d 173 (9th Cir. 1953).
 
 
 4
 The order of the Board is enforced.
 
 
 
 [1]
 Hon. Fred M. Taylor, Chief United States District Judge for the District of Idaho, sitting by designation